Frank A. Pfiffner
HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
3900 C Street, Suite 1001
Anchorage, Alaska  99503
Telephone:  (907) 274-7522
Facsimile:  (907) 263-8320
FAP@hbplaw.net
ABA No. 7505032

Attorneys for Defendant
St. Paul Fire and Marine Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of SPENARD BUILDERS SUPPLY, INC.<br><br>        Plaintiff,<br><br>vs.<br><br>ST. PAUL FIRE AND MARINE INSURANCE COMPANY and its Payment Bond No. TC6016,<br><br>        Defendant. | 3:05-cv-00287 RRB |

**ANSWER TO COMPLAINT**

Answer to Complaint
*Spenard Builders Supply, Inc. v. St. Paul Fire and Marine Insurance Company*
Case No. 3:05-cv-00287 RRB
(1187-3025/244429)                    Page 1 of 5

COMES NOW Defendant, St. Paul Fire and Marine Insurance Company ("St. Paul"), by and through its attorneys, Hughes Bauman Pfiffner Gorski & Seedorf, LLC, and, for its answer to the Plaintiff's Complaint, admits, denies, and alleges as follows:

1. With regard to paragraph one of the Complaint, St. Paul admits that Spenard Builders Supply, Inc. ("SBS") is an Alaska corporation but is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and accordingly denies all and the whole thereof.

2. St. Paul admits the allegations contained in paragraph two of the Complaint.

3. With regard to paragraph three of the Complaint, St. Paul denies that the Miller Act is contained at 40 U.S.C. § 270b but otherwise admits the allegations contained therein.

4. St. Paul admits the allegations contained in paragraph four of the Complaint.

5. With regard to paragraph five of the Complaint, St. Paul admits that this court has jurisdiction of this action pursuant to 40 U.S.C § 3133 but denies the remaining allegations contained therein.

6. St. Paul admits the allegations contained in paragraph six of the Complaint.

7. With regard to paragraph seven of the Complaint, St. Paul admits the allegations contained therein except that the Project payment bond is in compliance with 40 U.S.C. § 3133 rather than the statutory section cited in the Complaint.

8. St. Paul admits the allegations contained in paragraph eight of the Complaint.

9. St. Paul denies the allegations contained in paragraph nine of the Complaint.

10. With regard to paragraph ten of the Complaint, St. Paul admits that SBS has demanded payment of $67,169.50 but denies the remaining allegations contained therein.

11. St. Paul denies the allegations contained in paragraph 11 of the Complaint.

12. With regard to paragraph 12 of the Complaint, St. Paul admits that more than 90 days has elapsed since SBS last furnished materials for the Project but otherwise denies the allegations contained therein.

13. St. Paul denies the allegations contained in paragraph 13 of the Complaint.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. St. Paul is entitled to a set off or deduction from the amount claimed by SBS as a result of defective and incomplete performance and materials supplied by SBS to Strand Hunt Construction, Inc. in violation of the contract between SBS and Strand Hunt Construction, Inc. The cost of the defective and incomplete performance and materials supplied by SBS equals or exceeds the amount of the SBS claim.

3. The present action should be stayed pending arbitration between Strand Hunt Construction, Inc. and SBS to determine whether any money is due and owing to SBS. The arbitration will occur because of an arbitration clause in the contract between Strand Hunt Construction, Inc. and SBS.

4.  In the contract between Strand Hunt Construction, Inc. and SBS, the prevailing party is entitled to reasonable attorneys' fees and costs. This contract inures to the benefit of St. Paul which is entitled to its reasonable costs and attorneys' fees for defending this action.

5.  St. Paul is entitled to assert and does hereby assert any and all defenses that are available to Strand Hunt Construction, Inc.

6.  Any liability of St. Paul is limited by the terms and conditions of the payment bond which are incorporated herein by reference.

7.  St. Paul reserves the right to assert such other and affirmative defenses as may arise during discovery.

WHEREFORE, St. Paul prays that the court dismiss the Complaint with prejudice, that it be awarded its costs and disbursements including a reasonable attorneys' fees, and that the court award such other and further relief as it may deem just and proper.

DATED at Anchorage, Alaska, this 20th day of March, 2006.

        HUGHES BAUMAN PFIFFNER
        GORSKI & SEEDORF, LLC
        Attorneys for Defendant
        St. Paul Fire and Marine Insurance
        Company

By:   s/Frank A. Pfiffner
       Frank A. Pfiffner
       3900 C Street, Suite 1001
       Anchorage, Alaska 99503
       Telephone: (907) 274-7522
       Facsimile: (907) 263-8320
       FAP@hbplaw.net
       ABA No. 7505032

## Certificate of Service

I hereby certify that on March 20, 2006, a copy of the Answer to Complaint was served via electronically on:

Grant E. Watts
Holmes Weddle & Barcott, PC
701 West 8th Avenue
Suite 700
Anchorage, AK 99501

s/Frank A. Pfiffner

Answer to Complaint
*Spenard Builders Supply, Inc. v. St. Paul Fire and Marine Insurance Company*
Case No. 3:05-cv-00287 RRB
(1187-3025/244429)     Page 5 of 5