Frank A. Pfiffner
HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
3900 C Street, Suite 1001
Anchorage, Alaska  99503
Telephone:  (907) 274-7522
Facsimile:  (907) 263-8320
FAP@hbplaw.net
ABA No. 7505032

Attorneys for Defendant
St. Paul Fire and Marine Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of SPENARD BUILDERS SUPPLY, INC.<br><br>Plaintiff,<br><br>vs.<br><br>ST. PAUL FIRE AND MARINE INSURANCE COMPANY and its Payment Bond No. TC6016,<br><br>Defendant. | <br><br><br><br><br><br><br><br>3:05-cv-00287 TMB |

**MOTION TO STAY LITIGATION PENDING ARBITRATION**

COMES NOW the defendant, St. Paul Fire and Marine Insurance Company ("St. Paul"), and files this motion to stay the above-referenced litigation on the grounds that Strand Hunt Construction, Inc. ("SHC"), for whom St. Paul acted as a

*Spenard Builders Supply, Inc. v. St. Paul Fire and Marine Insurance Company*
Case No.: 3:05-cv-00287 TMB
Motion to Stay Litigation Pending Arbitration
(1187-3025/245267)

payment bond surety relative to the project that is the subject of this litigation, has demanded arbitration with Spenard Builders Supply, Inc. ("SBS") (as the successor to Titan Manufacturing) and that the pending arbitration will resolve the matters at issue in this litigation.  In support of its motion, St. Paul shows the court the following:

### Factual Background

On July 20, 2004, Titan Manufacturing ("Titan") and SBS entered into a material contract ("the Agreement") with SHC whereby Titan and SBS agreed to provide trusses for a project designated as the Design/Build Joint Security Complex at Eilson AFB, Alaska, Project No. 2911KB-04-C-008 ("the Project") for the lump sum of $217,000.[1]  The Agreement required that the trusses would be provided FOB jobsite "PER YOUR QUOTE".  The quote required Titan and SBS to provide truss clips and all and any trusses needed to do the job including built in soffits on truss tails.  Under Attachment 1 to the contract, Titan and SBS were required to include with the trusses "all fill in pieces to make the Mansard roof . . . [and] [a]ll clips and fasteners . . . to tie the whole system together."[2]  The trusses did not come with tails or clips and fasteners, which were all required per

---

[1] A copy of the Agreement with attachments is attached hereto as Exhibit A.

[2] *See* attachment 1 to Exhibit A.

the contract.[3]  SHC never modified the Agreement.  SHC withheld a portion of its payment under the contract as a result, since it had to separately purchase and/or manufacture the missing hardware.[4]

Section 17 of the Agreement specifically provided:

> As a condition precedent to the filing of any lawsuit, the parties to this Subcontract shall submit any and all disputes between them to non-binding mediation with the assistance of a recognized professional mediation service or other mutually agreed upon mediator.  The parties shall bear equally all expenses, exclusive of attorney's fees, associated with the mediation.  **At sole discretion of the Contractor, the parties to this Subcontract shall submit any and all disputes between them to arbitration, in lieu of litigation in court, with the assistance of a recognized professional arbitration service or other mutually agreed upon arbitrator.**[5]

SHC is the contractor under the Agreement.[6]

On December 7, 2005, the instant Miller Act claim was filed by SBS (as successor to Titan Manufacturing), to recover sums allegedly owed to SBS under the Agreement.  Service was accomplished by the plaintiff on February 28, 2006, and an Answer was promptly filed by St. Paul on March 20, 2006.

---

[3] *See* Affirmative Defense Number 2 contained in St. Paul's Answer.

[4] *See* Affirmative Defense Number 2 contained in St. Paul's Answer.

[5] (emphasis added).

[6] *See* opening paragraph of the Agreement, Exhibit A.

*Spenard Builders Supply, Inc. v. St. Paul Fire and Marine Insurance Company*
Case No.: 3:05-cv-00287 TMB
Motion to Stay Litigation Pending Arbitration
(1187-3025/245267)

On April 4, 2006, counsel for SHC and St. Paul served upon counsel for SBS a demand for arbitration pursuant to paragraph 17 of the Agreement.[7] The basis for the arbitration demand is that Titan/SBS did not meet its contractual obligations under the Agreement, and it includes arbitration regarding the amount withheld by SHC for said defective performance, which is at issue in this litigation as well. The arbitration should resolve all claims at issue in the instant litigation.

## LEGAL ARGUMENT

Federal cases consistently hold that the Federal Arbitration Act embodies a clear federal policy in favor of arbitration.[8] Any doubts concerning the scope of arbitrable issues should be resolved favor of arbitration.[9] In fact a court may deny arbitration only when it may be said with "positive assurance" that the arbitration clause does not govern the claims at issue.[10] The court must be mindful of the federal policy favoring arbitration whether the problem at hand is the construction

---

[7] *See* April 4, 2006 correspondence from Frank Pfiffner to Grant Watts, a copy of which is attached hereto as Exhibit B.

[8] *PNI, Inc. v. Leyton*, 2004 U.S. Dist. LEXIS 13335, *6-7 (D. Or. March 1, 2004) (*citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22-23, 74 L. Ed. 2d 765, 103 S. Ct. 927 (1983)).

[9] *Id.* (*citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. at 24-25).

[10] *PNI, Inc. v. Leyton*, 2004 U.S. Dist. LEXIS 13335, *6-7 (D. Or. March 1, 2004) (*citing United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582, 4 L. Ed. 2d 1409, 80 S. Ct. 1347 (1960)); *accord Homestake Lead Co. of Mo. v. Doe Run Res. Corp.*, 282 F. Supp. 2d 1131, 1138 (N.D. Cal. 2003).

*Spenard Builders Supply, Inc. v. St. Paul Fire and Marine Insurance Company*
Case No.: 3:05-cv-00287 TMB
Motion to Stay Litigation Pending Arbitration
(1187-3025/245267)

of the contract language itself or an allegation of waiver, delay, or a like defense.[11] In light of the liberal policy of resolving doubts in favor of arbitration, **the burden is on the party opposing arbitration to rebut the presumption of arbitrability created by the existence of an arbitration agreement by showing a purpose to exclude particular disputes from arbitration**.[12] The party resisting arbitration may defeat the presumption in favor of arbitration **only with clear evidence that the parties did not intend the claims to be arbitrable.**[13]

As indicated in the opinion of the District Court for the District of Oregon in *PNI, Inc.*, arbitration is strongly favored under the Federal Arbitration Act, and any doubts as to the applicability of a contract clause calling for arbitration are to be interpreted in favor of arbitration. Moreover, staying of litigation in order to allow arbitration to run its course is common practice.

As the court in *MPA Construction, Inc. v. XL Specialty Insurance Co.* pointed out in its December, 2004, decision:

---

[11] *PNI, Inc. v. Leyton*, 2004 U.S. Dist. LEXIS 13335, *6-7 (D. Or. March 1, 2004) (*citing Moses H. Cone*, 460 U.S. at 24-25).

[12] *PNI, Inc. v. Leyton*, 2004 U.S. Dist. LEXIS 13335, *6-7 (D. Or. March 1, 2004) (*citing Chloe Z Fishing Co. v. Odyssey Re (London) Limited*, 109 F. Supp. 2d 1236, 1255 n.17 (S.D. Cal. 2000) (emphasis added)).

[13] *PNI, Inc. v. Leyton*, 2004 U.S. Dist. LEXIS 13335, *6-7 (D. Or. March 1, 2004) (*citing Harvey v. Joyce*, 199 F.3d 790, 793 (5th Cir. 2000)) (emphasis added).

*Spenard Builders Supply, Inc. v. St. Paul Fire and Marine Insurance Company*
Case No.: 3:05-cv-00287 TMB
Motion to Stay Litigation Pending Arbitration
(1187-3025/245267)

> The court is required to stay arbitration under certain circumstances. Section 3 of the Federal Arbitration Act, 9 U.S.C.S. § 3, states, in pertinent part: "If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."[14]

Moreover, even when the issues before a district court are not "issue[s] referable to arbitration,"[15] the court, while not required to stay the litigation, has the discretionary power to do so.[16] Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.[17]

*MPA Construction, Inc. v. XL Specialty Insurance Co.* is instructive inasmuch as it, like the case before this court, was a Miller Act claim. The general contractor in *MPA Construction* (similar to SHC in this case) entered into a subcontract with a

---

[14] 349 F.Supp.2d 934, 940 (D. Md. 2004).

[15] 9 U.S.C. § 3

[16] *American Recovery Corp. v. Computerized Thermal Imaging*, 96 F.3d 88, 97 (4th Cir., 1996) ("The decision to stay the litigation of non-arbitrable claims or issues is a matter largely within the district court's discretion to control its docket.") (*citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 n.23, 74 L. Ed. 2d 765, 103 S. Ct. 927 (1983); *Summer Rain v. Donning Co./ Publishers, Inc.*, 964 F.2d 1455, 1461 (4th Cir. 1992)).

[17] *Moses H. Cone*, 460 U.S. at 24-25.

*Spenard Builders Supply, Inc. v. St. Paul Fire and Marine Insurance Company*
Case No.: 3:05-cv-00287 TMB
Motion to Stay Litigation Pending Arbitration
(1187-3025/245267)

subcontractor for drywall and ceiling work on a fire station project). The subcontractor asserted a Miller Act claim against surety to recover what it alleged were sums owed under its agreement with the contractor. The general contractor was permitted to intervene. The general contractor moved the court to stay the action pending arbitration between the subcontractor and the general contractor pursuant to the mandatory arbitration clause. The court granted the stay, finding that the dispute was undeniably subject to the subcontract's mandatory arbitration clause.

In the action pending in this court, SHC has demanded arbitration with SBS which is specifically provided for in the Agreement.[18] SHC has not intervened in this action. St. Paul, however, was named as defendant only on the grounds that it acted as surety for SHC on the subject project.[19] It has no liability separate and apart from the obligations which SHC may or may not have for the underlying project.

Regarding the underlying project, St. Paul withheld certain funds from Titan/SBS specifically because Titan/SBS did not provide the materials called for by the Agreement.[20] The resolution of the dispute between SHC and Titan/SBS which will be addressed in arbitration between the parties to the Agreement will eliminate the necessity for the present litigation regardless of the outcome of the arbitration. If

---

[18] *See* Exhibit A, paragraph 17.

[19] *See* Plaintiff's Complaint, paragraph 3.

[20] Exhibit B, and St. Paul's Answer, Second Affirmative Defense.

*Spenard Builders Supply, Inc. v. St. Paul Fire and Marine Insurance Company*
Case No.: 3:05-cv-00287 TMB
Motion to Stay Litigation Pending Arbitration
(1187-3025/245267)

Page 7 of 10

SHC is successful, as it is expected to be, an arbitrator will determine that the funds claimed by Titan/SBS are not owed by SHC because Titan/SBS did not perform obligations in accordance with the contract. If such a decision is reached, St. Paul would have no obligations as surety for SHC.

If, however, the arbitrator were to find that SHC was obligated to pay the sums allegedly owed under the contract to Titan/SBS, then such a decision would appear to establish any financial liability for SHC's surety. There would ultimately be nothing to be litigated in this court.

As the case law cited above unambiguously points out, disputes over an arbitration clause are to be resolved in favor of arbitration where possible. Even where a specific clause would not necessarily extend to the facts of a case, the court has the discretion to stay litigation pending resolution of other matters in arbitration. There is no basis for not staying the instant litigation until the underlying arbitration is resolved, particularly where all material issues that exist in this case will be definitively decided in the arbitration.

Neither can the plaintiff herein claim any prejudice would result from such a stay of the pending litigation because the case is new. St. Paul's Answer was filed less than one month ago. Discovery has not been conducted in this case. None of the work done in this case, with the lone exception of the drafting and filing of the

*Spenard Builders Supply, Inc. v. St. Paul Fire and Marine Insurance Company*
Case No.: 3:05-cv-00287 TMB
Motion to Stay Litigation Pending Arbitration
(1187-3025/245267)

Page 8 of 10

complaint and answer, has been wasted, as informal research will obviously be equally applicable to the arbitration.

## CONCLUSION

The obligations of all parties related to the instant dispute arise from the Agreement entered between SHC and Titan and SBS on July 20, 2004. Paragraph 17 of the Agreement provides that all disputes between the parties to the Agreement will be subject to arbitration at the election of SHC. Whether SHC is a party to the instant litigation or not, the central issue in this case is whether SHC owes Titan/SBS for a sum under the Agreement, or whether that sum was properly withheld because of defective performance under the Agreement by Titan/SBS. St. Paul's obligation to Titan/SBS as surety for SHC hinges on the resolution of this specific issue. St. Paul's therefore requests that the court exercise its discretion under prevailing case law and the Federal Arbitration Act, and stay this litigation pending the underlying arbitration.

*Spenard Builders Supply, Inc. v. St. Paul Fire and Marine Insurance Company*
Case No.: 3:05-cv-00287 TMB
Motion to Stay Litigation Pending Arbitration
(1187-3025/245267)

Page 9 of 10

DATED at Anchorage, Alaska, this 7th day of April, 2006.

        HUGHES BAUMAN PFIFFNER
        GORSKI & SEEDORF, LLC
        Attorneys for Defendant
        St. Paul Fire and Marine Insurance Company


By:   s/Frank A. Pfiffner
      Frank A. Pfiffner
      3900 C Street, Suite 1001
      Anchorage, Alaska  99503
      Telephone:  (907) 274-7522
      Facsimile:  (907) 263-8320
      FAP@hbplaw.net
      ABA No. 7505032


<u>Certificate of Service</u>

I hereby certify that on April 7, 2006, a copy of the Motion to Stay Litigation Pending Arbitration was served electronically on:


Grant E. Watts
Holmes Weddle & Barcott, PC
701 West 8th Avenue
Suite 700
Anchorage, AK  99501


<u>s/Frank A. Pfiffner</u>




*Spenard Builders Supply, Inc. v. St. Paul Fire and Marine Insurance Company*
Case No.: 3:05-cv-00287 TMB
Motion to Stay Litigation Pending Arbitration
(1187-3025/245267)