Grant E. Watts, Esq.
HOLMES WEDDLE & BARCOTT, P.C.
701 W. Eighth Avenue, Suite 700
Anchorage, Alaska 99501-3408
Phone: (907) 274-0666
Fax: (907) 277-4657
E-mail: gwatts@hwb-law.com

Attorneys for Use-Plaintiff Spenard Builders Supply, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA, AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of SPENARD BUILDERS SUPPLY, INC., | |
| Use-Plaintiff, | Case No. 3:05-cv-00287-RRB |
| vs. | |
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY and its Payment Bond No. TC6016, | **SCHEDULING AND PLANNING CONFERENCE REPORT** |
| Defendant. | |

1.    **Meeting**.  In accordance with F.R.Civ.P. 26(f), a meeting was held on April 14, 2006 and was attended by:

| | |
|---|---|
| Grant E. Watts | Attorney for Use-Plaintiff Spenard Builders Supply, Inc. |
| Frank A. Pfiffner | Attorney for Defendant St. Paul Fire and Marine Insurance Company and Its Payment Bond No. TC6016 |

The parties recommend the following:

2.    **Pre-Discovery Disclosures**.  The information required by F.R.Civ.P. 26(a)(1):

☐  have been exchanged by the parties

☑  will be exchanged by the parties by May 30, 2006.

Proposed changes to disclosure requirements:

Preliminary witness lists.

☐  have been exchanged by the parties

☑  will be exchanged by the parties by June 15, 2006.

3.    **Contested Issues of Fact and Law**.  Preliminarily, the parties expect the following issues of fact and/or law to be presented to the court at trial in this matter:

Whether Use-Plaintiff is entitled to recover damages from  Defendant based on its Miller Act claim, and if so, in what amount?

Whether Defendant's defenses bar or limit Use-Plaintiff's claims, and/or bar or limit any damages sought by Use-Plaintiff in the action.

Whether the Miller Act payment bond action should be stayed based on a motion filed by Defendant (said motion is premised on an alleged contractual provision regarding arbitration between SBS and Strand Hunt Construction, Inc.).

4.    **Discovery Plan**.  The parties jointly propose to the court the following discovery plan.

A.    Discovery will be needed on the following issues:

Liability and damages and defenses (including but not limited to breach, and offsets, and whether the action should be stayed).

B.    All discovery commenced in time to be completed by November 15, 2006 ("discovery close date").

C.    Limitations on Discovery.

1.    Interrogatories

☑ No change from F.R.Civ.P. 33(a)

☐ Maximum of _____ by each party to any other party.

Responses due in _____ days.

2.    Requests for Admission.

☑ No change from F.R.Civ.P. 36(a)

☐ Maximum of _____ requests.

Responses due in _____ days.

3.    Depositions.

☑ No change from F.R.Civ.P. 36(a), (d).

☐ Maximum of _____ depositions by each party.

Depositions not to exceed _____ hours unless agreed to by all parties.

D.    Reports from retained experts.

☑ Not later than 90 days before the close of discovery subject to F.R.Civ.P. 26(a)(2)(C).

☑ Reports due:

From Plaintiff (90 days prior to the close of discovery)
From Defendant (90 days prior to the close of discovery)

E.      Supplementation of disclosures and discovery responses are to be made:

☑ Periodically at 60-day intervals from the entry of scheduling and
     planning order.

☐ As new information is acquired, but not later than 60 days before
     the close of discovery.

F.      A final witness list, disclosing all lay and expert witnesses whom a party
         may wish to call at trial, will be due:

☐ 45 days prior to the close of discovery.

☑ Not later than 30 days after the close of discovery.

5.      **Pretrial Motions**.

☑ No change from D.Ak. LR 16.1(c).

The following changes to D.Ak. LR 16.1(c). [Check and complete all that
apply].

☐ Motions to amend pleadings or add parties to be filed not later than N/A.

☐ Motions under the discovery rules must be filed not later than N/A.

☐ Motions in limine and dispositive motions must be filed not later than N/A.

6.      **Other Provisions**:

A.      ☑ The parties do not request a conference with the court before the
entry of the scheduling order.

☐ The parties request a scheduling conference with the court on the
following issue(s):

B.      Alternative Dispute Resolution [D.Ak. LR 16.2]

☑ This matter is not considered a candidate for court-annexed alternative dispute resolution.

☐ The parties will file a request for alternative dispute resolution not later than _____.

☐ Mediation      ☐ Early Neutral Evaluation

C.      The parties ☐ do ☑ not consent to trial before a magistrate judge.

D.      Compliance with the Disclosure Requirements of F.R.Civ.P. 7.1

☑ All parties will comply if required.

☐ Compliance not required by any party.

7.      **Trial**.

A.      The matter will be ready for trial:

☑ 45 days after the discovery close date.

☐ not later than May 1, 2007.

B.      This matter is expected to take ____6____ days to try.

C.      Jury Demanded    ☑ Yes    ☐ No

Right to jury trial disputed?    ☐ Yes    ☑ No

HOLMES WEDDLE & BARCOTT, P.C.
Attorneys for Use-Plaintiff
Spenard Builders Source, Inc.

Dated:     April 26, 2006         By:    s/Grant E. Watts
701 W. Eighth Avenue, Suite 700
Anchorage, Alaska 99501-3408
Phone: (907) 274-0666
Fax: (907) 277-4657
Email: gwatts@hwb-law.com
Alaska Bar No. 8609090

HUGHES BAUMAN PFIFFNER GORSKI &
SEEDORF, LLC
Attorneys for Defendant St. Paul Fire and
Marine Insurance Company and Its Payment
Bond No. TC6016

Dated:     April 26, 2006         By:    s/ Frank A. Pfiffner (consent)
3900 C Street, Suite 1001
Anchorage, Alaska 99503
Phone: (907) 274-7522
Fax: (907) 263-8320
Email: fap@hbplaw.net
Alaska Bar No. 7505032