Grant E. Watts, Esq.
HOLMES WEDDLE & BARCOTT, P.C.
701 W. Eighth Avenue, Suite 700
Anchorage, Alaska 99501-3408
Phone: (907) 274-0666
Fax: (907) 277-4657
E-mail: gwatts@hwb-law.com

Attorneys for Use-Plaintiff Spenard Builders Supply, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA, AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of SPENARD BUILDERS SUPPLY, INC., <br><br> Use-Plaintiff, <br><br> vs. <br><br> ST. PAUL FIRE AND MARINE INSURANCE COMPANY and its Payment Bond No. TC6016, <br><br> Defendant. | Case No. 3:05-cv-00287-RRB <br><br> **OPPOSITION TO DEFENDANT'S MOTION TO STAY LITIGATION PENDING ARBITRATION** |

Use-Plaintiff Spenard Builders Supply, Inc. (hereinafter "SBS"), by and through its counsel of record, hereby submits its Opposition to Defendant St. Paul Fire and Marine Insurance Company's Motion To Stay Litigation Pending Arbitration dated April 7, 2006 (hereinafter "Motion"). SBS disputes the self serving "spin" and inaccurate assertions and mischaracterizations in the Motion and associated exhibits thereto. The Motion should be denied on the following legal grounds.

St. Paul has no standing to enforce an alleged contract provision relating to arbitration since St. Paul is not a party to the alleged contract between Strand Hunt and SBS. St. Paul has no separate contract with SBS which requires SBS to arbitrate disputes or payment bond claims with St. Paul. Strand Hunt is not a party to this Miller Act suit involving St. Paul. Therefore, there is no party to the alleged contract containing the arbitration provision who has made application to this Court to stay this matter. It would therefore be inappropriate for this Court to stay this matter upon St. Paul's Motion.

SBS has not waived (by virtue of any contract provision or otherwise) its recourse against the payment bond surety, St. Paul. SBS has a statutory right to pursue its remedy against St. Paul and its subject payment bond. There are no legal grounds which allow St. Paul to stay this lawsuit, under the circumstances. SBS has a legitimate payment bond claim which has been asserted against St. Paul in the action.

In any event, SBS has met the condition precedent set forth in the contract between SBS and Strand Hunt, and SBS has the right to proceed with the lawsuit (since it was properly filed and served). SBS participated in a mediation with Strand Hunt as a condition precedent to filing the above lawsuit.

Section 17 of the alleged contract states:

> As a condition precedent to the filing of any lawsuit, the parties to this Subcontract shall submit any and all disputes between them to non-binding mediation with the assistance of a recognized professional mediation service or other mutually agreed upon mediator. The parties shall bear

> equally all expenses, exclusive of attorney's fees, associated with the mediation. At sole discretion of the Contractor, the parties to this subcontract shall submit any and all disputes between them to arbitration, in lieu of litigation in court, with the assistance of a recognized professional arbitration service or other mutually agreed upon arbitrator.

SBS participated in a mediation with Strand Hunt on March 13, 2006. The mediation was unsuccessful. SBS interpreted Section 17 as meaning that if the parties participated in mediation, then SBS could thereafter proceed with filing a lawsuit as expressly stated in the subject provision. SBS submits it has every right to continue with the lawsuit against the payment bond surety, and SBS asserts that it does not have an obligation to arbitrate. Strand Hunt chose to mediate rather than making a demand for arbitration. SBS interpreted Section 17 to mean that Strand Hunt had the option of either mediating disputes or arbitrating disputes, but not both. Since Strand Hunt participated in mediation, it is SBS's position that Strand Hunt (through its legal counsel or otherwise) no longer has any right to demand arbitration at its sole discretion. In addition, St. Paul also has no legitimate grounds or standing in which to seek to stay this litigation, under the circumstances.

To the extent the alleged contract between Strand Hunt and SBS is ambiguous; any ambiguity must be interpreted against the drafter of the alleged contract (who was Strand Hunt).

The enforceability of the alleged arbitration clause (to which St. Paul is not even a party) has not been established as yet in this or in any other proceeding.

Opposition to Defendant's Motion To Stay         *Spenard Builders Supply, Inc., ex rel v. St. Paul*
Litigation Pending Arbitration                              *Fire and Marine Insurance Company*
Page 3 of 5                                                              Case No. 3:05-cv-00287-RRB

"Arbitration is a matter of contract and the court cannot require a party to arbitrate a dispute unless the party has agreed to do so." *PNI, Inc. v. Leyton*, 2004 WL 555249, p. 3 (D.Or. March 1, 2004). SBS submits it would be premature and inappropriate for this Court to stay this matter based upon that clause, in any event.

There is presently no arbitration proceeding between SBS and Strand Hunt. St. Paul's Motion is premised upon a disputed contract provision between a party (SBS) to this action and a non-party (Strand Hunt). SBS submits there is insufficient evidence before this Court that the underlying dispute between SBS and Strand Hunt will, in fact, be arbitrated. As such, SBS submits it would be inappropriate for this Court to stay this matter pending arbitration. SBS would clearly be prejudiced by such a stay.

SBS has also asserted (in correspondence to Strand Hunt) that Strand Hunt did not sign and return a copy of the alleged contract until long after SBS had completed furnishing materials and long after SBS had billed Strand Hunt for materials. SBS disputes that a signed contract was actually in force during the period that SBS furnished materials on the bonded project.

SBS submits that St. Paul's Motion should be denied by this Court, since SBS will be substantially prejudiced with respect to its rights and remedies if this Miller Act payment bond action is stayed.

In the event this Court, for any reason, is inclined to grant the Motion, SBS submits the Court should first require St. Paul to file and serve a sworn and authorized

Opposition to Defendant's Motion To Stay   *Spenard Builders Supply, Inc., ex rel v. St. Paul*
Litigation Pending Arbitration   *Fire and Marine Insurance Company*
Page 4 of 5   Case No. 3:05-cv-00287-RRB

written representation confirming that St. Paul shall promptly pay any final judgment (including for principal, interest, costs and/or attorney's fees) obtained by SBS against Strand Hunt in the event of any arbitration between SBS and Strand Hunt (relating to the project referenced in the Complaint which was filed in this action).

DATED this 26th day of April, 2006, at Anchorage, Alaska.

>HOLMES WEDDLE & BARCOTT, P.C.
>Attorneys for Use-Plaintiff
>Spenard Builders Source, Inc.
>
>By:   s/Grant E. Watts
>701 W. Eighth Avenue, Suite 700
>Anchorage, Alaska 99501-3408
>Phone: (907) 274-0666
>Fax: (907) 277-4657
>Email: gwatts@hwb-law.com
>Alaska Bar No. 8609090

CERTIFICATE OF SERVICE
I hereby certify that on April 26, 2006
a copy of the foregoing was served
electronically on:

Frank A. Pfiffner, Esq.
Hughes Bauman Pfiffner Gorski & Seedorf, LLC
3900 C Street, Suite 1001
Anchorge, AK  99503
Email: fap@hbplaw.net

s/Grant E. Watts

Opposition to Defendant's Motion To Stay      Spenard Builders Supply, Inc., ex rel v. St. Paul
Litigation Pending Arbitration                              Fire and Marine Insurance Company
Page 5 of 5                                                              Case No. 3:05-cv-00287-RRB