Frank A. Pfiffner
HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
3900 C Street, Suite 1001
Anchorage, Alaska 99503
Telephone: (907) 274-7522
Facsimile: (907) 263-8320
FAP@hbplaw.net
ABA No. 7505032

Attorneys for Defendant
St. Paul Fire and Marine Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of SPENARD BUILDERS SUPPLY, INC.<br><br>Plaintiff,<br><br>vs.<br><br>ST. PAUL FIRE AND MARINE INSURANCE COMPANY and its Payment Bond No. TC6016,<br><br>Defendant. | 3:05-cv-00287 TMB |

**REPLY TO OPPOSITION TO DEFENDANT'S MOTION TO STAY LITIGATION PENDING ARBITRATION**

Plaintiff's Opposition ignores several important facts relating to the request of St. Paul Fire and Marine Insurance Company ("St. Paul") to stay this litigation. First, a

Reply to Opposition to Defendant's Motion to Stay Litigation Pending Arbitration
*Spenard Builders Supply, Inc. v. St. Paul Fire and Marine Insurance Company*
3:05-cv-00287 TMB
(1187-3025/246110)

court may deny arbitration only when it is certain that the arbitration clause does not govern the claims at issue. Second, there is no ambiguity in the arbitration clause at issue. Third, staying the litigation does not in any way prejudice Spenard Builder's Supply, Inc.'s ("SBS's") right to recovery, since a stay is not synonymous with dismissal. And fourth, the court does not even require a motion or request of a party to stay a matter pending litigation. In sum, there is no sound reason not to order this litigation stayed until the conclusion of arbitration between the parties to the subject Agreement.

I. **THE ARBITRATION CLAUSE AT ISSUE GOVERNS THE CLAIMS IN THIS ACTION.**

A court may deny arbitration only when it may be said with positive assurance that the arbitration clause does not govern the claims at issue.[1] Such positive assurance is lacking in the instant case.

SBS is attempting to recover for sums that it claims are owed to it by St. Paul as surety for Strand Hunt Construction, Inc. ("SHC") under the Agreement between SHC and Titan Manufacturing ("Titan") and SBS ("the Agreement"). The claimed violations of the Agreement are the only basis for the financial dispute between SBS and

---

[1] *United Steelworkers of Am. V. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582, 4 L.Ed.2d 1409, 80 S.Ct. 1347 (1960); *AT&T Technologies, Inc. v. Communications Workers*, 475 U.S. 643, 650, 89 L. Ed. 2d 648, 106 S. Ct. 1415 (1986); *Wright v. Universal Mar. Serv. Corp.*, 525 U.S. 70, 119 S. Ct. 391, 142 L. Ed. 2d 361 (1998). *See also Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26, 111 S. Ct. 1647, 1652, 114 L. Ed. 2d 26, 37 (1991) (stating that having made the bargain to arbitrate, a party should be held to it unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue).

Reply to Opposition to Defendant's Motion to Stay Litigation Pending Arbitration
*Spenard Builders Supply, Inc. v. St. Paul Fire and Marine Insurance Company*
3:05-cv-00287 TMB
(1187-3025/246110)

Page 2 of 8

SHC. Moreover, a financial entitlement through the Agreement is the only basis for SBS's claim to any entitlement from St. Paul.

An arbitrator will evaluate the arguments of the parties to the contract to determine whether SBS violated the Agreement and whether such violations justified the financial decisions of SHC in withholding payments to SBS. The arbitrator will then render a decision that is binding on SBS and SHC. St. Paul stands in the shoes of SHC as to whether there is a defense to withholding payment of the amounts claimed by SBS. Thus, in essence, the arbitrator will determine whether SBS is entitled to any recovery from SHC. The arbitrator's decision will ultimately determine whether a recovery is available from St. Paul.

SBS has offered the court no alternative theory of recovery in this case which would entitle it to recover from St. Paul separate and apart from the Agreement. Compliance with its obligations under the Agreement will either support or undermine SBS's claim to recovery against St. Paul. The Agreement most definitely governs the claims in this action.

Finally, as a peripheral matter, SBS's complaint that SHC did not sign and return a copy of the contract until long after SBS had completed furnishing materials is both incorrect and irrelevant. As SBS points out, the Agreement was drafted by SHC. As such, when it was presented to Titan/SBS, it constituted an offer, which was agreed to when Titan/SBS signed the Agreement.

Reply to Opposition to Defendant's Motion to Stay Litigation Pending Arbitration
*Spenard Builders Supply, Inc. v. St. Paul Fire and Marine Insurance Company*
3:05-cv-00287 TMB
(1187-3025/246110)

Page 3 of 8

> Acceptance of an offer is a manifestation of assent to the terms thereof made by the offeree in a manner invited or required by the offer.[2]

SBS has not pointed to any dispute in the Agreement language and has not suggested that SHC somehow changed the language or altered the Agreement after SBS signed it. The "timing" issue raised by SBS is a red herring and should be dismissed from any serious consideration.

## II.   SECTION 17 OF THE AGREEMENT IS NOT AMBIGUOUS.

The clause at issue, Section 17 of the subject Agreement, is unambiguous regarding the contractor's option to demand arbitration, and the plaintiff's argument that submission to non-binding mediation somehow relieves it of compliance with this provision of the Agreement is disingenuous and is belied by the clear language of the paragraph. Section 17 of the Agreement specifically provided:

> As a condition precedent to the filing of any lawsuit, the parties to this Subcontract shall submit any and all disputes between them to non-binding mediation with the assistance of a recognized professional mediation service or other mutually agreed upon mediator. The parties shall bear equally all expenses, exclusive of attorney's fees, associated with the mediation. **At sole discretion of the Contractor, the parties to this Subcontract shall submit any and all disputes between them to arbitration, in lieu of litigation in court, with the assistance of a recognized professional**

---

[2] *Fosson v. Palace (Waterland), Ltd.*, 78 F.3d 1448, 1453 (9th Cir. 1996) (*quoting* Restatement (Second) of Contracts § 50).

Reply to Opposition to Defendant's Motion to Stay Litigation Pending Arbitration
*Spenard Builders Supply, Inc. v. St. Paul Fire and Marine Insurance Company*
3:05-cv-00287 TMB
(1187-3025/246110)

Page 4 of 8

> arbitration service or other mutually agreed upon arbitrator.[3]

SHC is the contractor under the Agreement.[4]

Section 17 of the Agreement does not state that a non-binding mediation replaces the obligation of a party to submit to arbitration on the demand of the contractor or that the arbitration is in lieu of mediation. It states that the arbitration is in lieu of "litigation in court." The plaintiff's position that the intent of the drafter or the obligations under this Section are subject to interpretation is self-serving. Only one interpretation can be made of this language, and such allows the contractor, even after a non-binding mediation, to demand arbitration in lieu of litigation. A demand for arbitration has been made by SHC.[5] SBS's statement to the contrary is potentially false.[6]

### III. STAYING THE LITIGATION DOES NOT IN ANY WAY PREJUDICE SBS'S RIGHT TO RECOVERY.

SBS states in its Opposition that it would be "substantially prejudiced" by a stay of the instant litigation,[7] but offers no explanation regarding how it would be prejudiced. Staying of the instant litigation would hold the litigation in abeyance while

---

[3] A copy of the Agreement is attached to St. Paul's Motion to Stay, Doc. No. 10, as Exhibit A.

[4] Exhibit A to St. Paul's Motion to Stay, Doc. No. 10, opening paragraph.

[5] *See* Exhibit B to St. Paul's Motion to Stay, Doc. No. 10.

[6] *See* SBS's Opposition, Doc. No. 15, p. 4.

[7] *Id.*

Reply to Opposition to Defendant's Motion to Stay Litigation Pending Arbitration
*Spenard Builders Supply, Inc. v. St. Paul Fire and Marine Insurance Company*
3:05-cv-00287 TMB
(1187-3025/246110)

the same issues are addressed by the arbitrator who has the contractual authority to resolve the dispute. In other words, a stay would prevent the duplication of work in both venues. A stay is not synonymous with dismissal of the plaintiff's action or destruction of its rights. It is a means to protect against duplicative efforts and against the possibility of inconsistent judgments between the arbitrator and the court.

### IV.   THE COURT WOULD HAVE BEEN ABLE TO STAY THE MATTER ON ITS OWN WITHOUT MOTION OF A PARTY.

Plaintiff's insistence that St. Paul somehow lacks standing to make the instant motion is both incorrect and irrelevant. Even when the issues before a district court are not "issue[s] referable to arbitration,"[8] the court, while not required to stay the litigation, has the discretionary power to do so.[9] Where a party to a dispute has the right to arbitration and demands that arbitration be permitted under the terms of a contract, and where such arbitration would resolve the issues before the court, it makes little sense not to stay litigation pending resolution of the issues in arbitration, particularly where there is no apparent prejudice to anyone in doing so. While attempting to create and argue technical

---

[8] 9 U.S.C. § 3.

[9] *American Recovery Corp. v. Computerized Thermal Imaging*, 96 F.3d 88, 97 (4th Cir. 1996) ("The decision to stay the litigation of non-arbitrable claims or issues is a matter largely within the district court's discretion to control its docket.") (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 n.23, 74 L. Ed. 2d 765, 103 S. Ct. 927 (1983); *Summer Rain v. Donning Co./ Publishers, Inc.*, 964 F.2d 1455, 1461 (4th Cir. 1992)).

Reply to Opposition to Defendant's Motion to Stay Litigation Pending Arbitration
*Spenard Builders Supply, Inc. v. St. Paul Fire and Marine Insurance Company*
3:05-cv-00287 TMB
(1187-3025/246110)

ambiguities, the plaintiff has offered no explanation as to why an arbitration which would resolve the issues before the court is not in everyone's best interest, including that of the court.

V.      **CONCLUSION.**

In summary, standing is not an issue with regard to St. Paul's motion, since the purpose of the motion was to notify the court of SHC's arbitration demand and to request that the litigation be stayed while that matter is resolved in accordance with the Agreement. The court has clear authority to so order a stay even without a motion. Further, there is no ambiguity in the arbitration clause at issue, and upon a demand by SHC, SBS is required under the Agreement to submit to arbitration. Finally, staying the litigation does not in any way prejudice SBS's right to recovery, since a stay is not synonymous with dismissal. SBS may resume its litigation after completion of the arbitration if there are remaining claims to be made by it against St. Paul, which claims have not been identified clearly by SBS at this point. Simply stated, there is no sound reason not to order this litigation stayed until the conclusion of arbitration between the parties to the subject Agreement.

Reply to Opposition to Defendant's Motion to Stay Litigation Pending Arbitration
*Spenard Builders Supply, Inc. v. St. Paul Fire and Marine Insurance Company*
3:05-cv-00287 TMB
(1187-3025/246110)

Page 7 of 8

DATED at Anchorage, Alaska, this 4th day of May, 2006.

    HUGHES BAUMAN PFIFFNER
GORSKI & SEEDORF, LLC
Attorneys for Defendant
St. Paul Fire and Marine Insurance Company

By:   s/Frank A. Pfiffner
      Frank A. Pfiffner
      3900 C Street, Suite 1001
      Anchorage, Alaska 99503
      Telephone: (907) 274-7522
      Facsimile: (907) 263-8320
      FAP@hbplaw.net
      ABA No. 7505032

### Certificate of Service

I hereby certify that on May 4, 2006, a copy of the Motion to Stay Litigation Pending Arbitration was served electronically on:

Grant E. Watts
Holmes Weddle & Barcott, PC
701 West 8th Avenue
Suite 700
Anchorage, AK 99501

s/Frank A. Pfiffner

Reply to Opposition to Defendant's Motion to Stay Litigation Pending Arbitration
*Spenard Builders Supply, Inc. v. St. Paul Fire and Marine Insurance Company*
3:05-cv-00287 TMB
(1187-3025/246110)