Grant E. Watts, Esq.
Holmes Weddle & Barcott, P.C.
701 W. Eighth Avenue, Suite 700
Anchorage, AK  99501-3408
Telephone: (907) 274-0666
Fax:  (907) 277-4657
Email:  gwatts@hwb-law.com
ABA No. 8609090

Attorneys for Use-Plaintiff Spenard Builders Supply, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of SPENARD BUILDERS SUPPLY, INC., <br><br> Use-Plaintiff, <br><br> vs. <br><br> ST. PAUL FIRE AND MARINE INSURANCE COMPANY and its Payment Bond No. TC6016, <br><br> Defendant. | Case No. 3:05-cv-00287-RRB |

## JOINT STATUS REPORT

Pursuant to the court's order dated May 9, 2006, the parties have conferred and hereby provide the court with a joint status report submitted by plaintiff's counsel.

    **A.**    **Nature of the Case.**

    1.    <u>Lead Counsel.</u>  Plaintiff's lead counsel is Grant E. Watts, Holmes Weddle & Barcott, PC, 701 W. 8th Ave, Suite 700, Anchorage, Alaska 99501-3408.

Defendant's lead counsel is Frank A. Pfiffner, Hughes Bauman Pfiffner Gorski & Seedorf, LLC, 3900 C St., Suite 1001, Anchorage, Alaska 99503-5931.

  2. <u>Basis for Federal Jurisdiction.</u>  This is a Miller Act case brought pursuant to 40 U.S.C. § 3131 *et seq*.

  3. <u>Nature of the Claim Asserted.</u>  Spenard Builders Supply, Inc. ("SBS") claims that it has not been paid the full amount for materials supplied for the Design/Build Joint Security Complex at Eielson AFB, Alaska, Project No. W911KB-04-0008 ("the Project").  Strand Hunt Construction, Inc. ("Strand Hunt") is the general contract for the Project.  St. Paul Fire & Marine Insurance Co. ("St. Paul") is the Miller Act payment bond surety for the Project and the defendant herein.  The present amount of the claim is $41,939.13 for unpaid materials supplied, $1,200 for alleged extra work for truss design, $969 for alleged additional track and studs, and costs, interest, and attorney's fees.  St. Paul and Strand Hunt, its principal, deny liability for the claim. Strand Hunt withheld the sum of $41,939.13 as a result of alleged extra costs to it from defective and incomplete materials supplied by SBS.  Strand Hunt believes that the additional compensation claims are included within the alleged contractual obligations of SBS under Strand Hunt's agreement with SBS and Titan Manufacturing (the original material supplier that was allegedly purchased by SBS during or before contract performance).  St. Paul is asserting the defenses of its principal.

  4. <u>Name of Any Party Not Served.</u>  None.

  5. <u>Principal legal issues.</u>  St. Paul believes that SBS's claim is subject to arbitration pursuant to an arbitration clause in the alleged contract between Strand Hunt and SBS/Titan Manufacturing. St. Paul has moved to stay the litigation pending the arbitration which has been demanded by Strand Hunt against SBS and Titan Manufacturing.  Strand Hunt and SBS/Titan Manufacturing have recently agreed to

arbitrate the underlying dispute. SBS and St. Paul agree that this dispute shall be stayed pending the results of the arbitration. St. Paul agrees that the results of the arbitration shall be binding on it. The parties expect that the arbitration will resolve the dispute; if it does not, SBS will request that the stay be lifted and will pursue the unresolved claims in this forum.

    6. <u>Principal Factual Issues.</u>  The parties dispute issues of liability and damages; however those issues shall be resolved in the arbitration between Strand Hunt and SBS/Titan Manufacturing.

  **B.** **Discovery.**

    1. <u>Completed Discovery and Any Remaining Discovery.</u>  The parties agree that there will be no discovery during the stay pending arbitration other than as may be allowed in the arbitration proceeding.

    2. <u>Pending Motions and Anticipated Motions.</u>  The parties stipulate that the case should be stayed pending the arbitration between Strand Hunt and SBS/Titan Manufacturing. The arbitration shall resolve the issues of liability and damages. If there are any remaining issues after the arbitration, SBS will request that the stay be lifted and will pursue the unresolved claims in this form. If all issues are resolved on the basis of the arbitration, this case will thereafter be dismissed. The hearing scheduled by the court for June 2, 2006, should be cancelled.

    3. <u>Previously Entered Rulings on Substantive Issues.</u>  None.

    4. <u>Previously Filed Status Reports.</u>  The parties filed a scheduling and planning conference report on April 26, 2006.

  **C.** **Trial.**

    1. <u>Anticipated Trial Length and Jury Demand.</u>  Although there is a demand for a jury trial, the parties do not anticipate that there will be a trial in this matter

in light of the arbitration of the anticipated underlying dispute. The case should be stayed pending arbitration between Stand Hunt and SBS/Titan.

   **D.   Settlement.**

   1.   <u>Status of Any Settlement Discussions.</u>   Strand Hunt and SBS engaged in a failed mediation. The parties do not anticipate that the underlying dispute will be resolved short of an arbitration. The parties do not request a settlement conference.

   DATED at Anchorage, Alaska, this 22nd day of May, 2006.

                HOLMES WEDDLE & BARCOTT, P.C.
                Attorneys for Use-Plaintiff
                Spenard Builders Supply, Inc.

                By:   s/Grant E. Watts
                701 W. Eighth Avenue, Suite 700
                Anchorage, Alaska 99501-3408
                Phone: (907) 274-0666
                Fax: (907) 277-4657
                Email: gwatts@hwb-law.com
                Alaska Bar No. 8609090

<u>Certificate of Service</u>
I hereby certify that on May 22, 2006 a copy of
the foregoing was served electronically on:

Frank A. Pfiffner, Esq.
Hughes Bauman Pfiffner Gorski & Seedorf, LLC
3900 C Street, Suite 1001
Anchorge, AK  99503
Email: fap@hbplaw.net

<u>s/Grant E. Watts</u>